UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHANE GUNN,

    Plaintiff,    Case No. 1:10-cv-591

v.    Hon. Robert J. Jonker

KALAMAZOO KVET, *et al.*,

    Defendants.
           /

**REPORT AND RECOMMENDATION**

    This is a civil action brought by a *pro se* plaintiff. It is before the court on defendants' "Motion to quash summons and attempted service of process upon defendant 'Kalamazoo KVET' or in the alternative to substitute City of Kalamazoo for defendant 'Kalamazoo KVET'" (docket no. 8), and "Defendants City of Kalamazoo, Turner, Luther, and Vanderende's motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6)" (docket no. 14). Both of defendants' motions are unopposed.

  **I.**  **Discussion**

    Plaintiff has filed a handwritten document entitled "Felony Complaint" regarding an incident that occurred on June 4, 2010. *See* Compl. (docket no. 1). On that date, plaintiff's residence was searched by Officers Turner, Luther and Vanderende pursuant to a search warrant which listed the following items (in plaintiff's words):

  (1)  Any forms of heroin and or controlled substances.

  (2)  Any tools, equipment, records, notes, tabulations, and U.S. currency
     believed to be the evidence and proceeds of manufacturing and or
     trafficking of controlled substances.

(3) Any paper bills, receipts showing residency or contract of the above premises.

(4) Any and all firearms located in the above premises.

*Id.*[1]

Plaintiff alleged that certain items taken from the residence were not identified in the search warrant and consisted of the following: an RCA flat screen TV (serial #j496c300i) which was located in the master bedroom; a Sanyo flat screen TV (serial # b9241093608237) located in the family living room; and $1,300.00 in one hundred dollar bills. *Id.* Plaintiff alleged that the television sets and the currency belong to his wife, Mrs. Gunn. *Id.* In addition, a 1995 Buick automobile was taken from the house. *Id.*

Plaintiff's complaint names defendants "Kalamazoo KVET," and Officers Turner, Luther and Vanderende. *Id.* Although plaintiff does not cite a specific statutory violation, his complaint appears to allege a cause of action under 42 U.S.C. § 1983 for violation of the Fourth Amendment's proscription against unreasonable searches and seizures (i.e., plaintiff mentions the Bill of Rights and the "seizures of one's property"). As his relief, plaintiff demands the return of the currency and other property to Mrs. Gunn. *Id.*

**II.     Motion to quash**

As a preliminary matter, defendants seek to quash service on "Kalamazoo VET" or in the alternative, to substitute the City of Kalamazoo as defendant (docket no. 8).

The Kalamazoo Valley Enforcement Team ("KVET"), is "a police drug unit comprised of various city and county police officers in the Kalamazoo, Michigan area." *United*

---

[1] Plaintiff's allegations accurately describe the four categories of items listed on the search warrant. *See* Search Warrant, Search Warrant Tabulation and Notice of Intent to Forfeit (attached to defendants' answer) (docket no. 12-1).

*States v. Oliver*, 397 F.3d 369, 373 (6th Cir. 2005). In support of their unopposed motion, defendants (represented by the Kalamazoo City Attorney's office) state that KVET is funded solely by the City of Kalamazoo and that KVET is not a distinct entity, but rather a division of the City of Kalamazoo Department of Public Safety. Defendants' Brief at p. 2 (docket no. 9).

The Kalamazoo Department of Public Safety, in turn, is not a distinct legal unit apart from the city, but rather a division of the municipality.

> Under the law of Michigan, a municipal police department is a creature of the municipality. M.C.L.A. § 92.1 (West 1991). A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest.

*Haverstick Enterprises v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994). *See, e.g, Mooney v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980) ("[t]he Holland Police Department is merely a creature of the City, the real party in interest").

In their answer, defendants note that the appropriate relief where a plaintiff improperly names a city department as a defendant is the automatic substitution of the city in its place. Answer at p. 2 (docket no. 12), citing *Aslani v. Sparrow Health Systems*, No. 1:08-cv-298, 2009 WL 736654 at *14 (W.D. Mich. March 12, 2009) (court automatically substituted the City of Lansing in place of named defendant Lansing Police Department); *Robertson v. City of Grand Rapids*, No. 1:06-cv-451, 2008 WL 4822218 at *6 n. 4 (W.D. Mich. Nov. 4, 2008). Based on defendants' representation that KVET is a division of the Kalamazoo Department of Safety, and their willingness to file an answer and motion to dismiss on behalf of the City of Kalamazoo in place and in lieu of "Kalamazoo KVET," defendants' motion to quash (docket no. 8) should be **GRANTED** and the City of Kalamazoo should be substituted for the named defendant "Kalamazoo KVET."

### III. Defendants' motion to dismiss

### A. Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In determining whether the district court has subject matter jurisdiction of a claim under Rule 12(b)(1), the district court must assume that the plaintiff's allegations are true and must construe the allegations in a light most favorable to plaintiff. *Little Traverse Bay Bands of Odawa Indians v. Great Spring Waters of America, Inc.*, 203 F.Supp.2d 853, 855 (W.D. Mich. 2002). "Relief is appropriate only if, after such construction, it is apparent to the district court that there is an absence of subject matter jurisdiction." *Id.*

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief"). A plaintiff is obligated to provide "more than labels and conclusions." *Id.* Rather,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

In resolving defendants' motions, the court has a duty to construe *pro se* plaintiff's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, there are limits to the "liberal construction" of a *pro se* complaint. As the court observed in *Rogers v. Detroit Police Dept.*, 595 F. Supp.2d 757 (E.D. Mich. 2009):

> [C]ourts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most

5

successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

*Rogers*, 595 F. Supp.2d at 766.

### B. Discussion

### 1. Jurisdictional claim

In this action, plaintiff does not dispute the validity of the search warrant. Rather, plaintiff alleges that four items seized (i.e., the RCA television, the Sanyo television, the $1,300 and the Buick automobile) exceeded the scope of the items allowed to be seized pursuant to the search warrant.[2] Defendants contend that the federal court lacks jurisdiction to review the administrative forfeiture of the subject property, because plaintiff did not contest the state forfeiture proceedings by filing a claim or posting bond in accordance with the state statute. *See* Defendants' Brief at pp. 4-5. Defendants admit that they have no authority on the "specific question" of law to support their jurisdictional claim.

It appears that defendants are attempting to assert a jurisdictional defense similar to either the *Younger* abstention doctrine or the *Rooker-Feldman* doctrine.

The *Younger* doctrine bars federal courts from interfering in pending state criminal prosecutions as well as some state civil suits and administrative proceedings which are in the nature of judicial proceedings. *See Devlin v. Kalm,* 594 F.3d 893, 894-95 (6th Cir. 2010) citing *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 434-35 (1982) and *Younger v. Harris*, 401 U.S. 37, 44 (1971). *See also, New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369-70 (1989) ("[w]hile we have expanded *Younger* beyond

---

[2] The court notes that there is no record that $1,300.00 was seized. The Search Warrant Tabulation (attached to the answer) noted that the officers seized only $225.00 in U.S. currency.

6

criminal proceedings, and even beyond proceedings in courts, we have never extended it to proceedings that are not 'judicial in nature'"). "Three requirements have evolved for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Company v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990).

The *Rooker-Feldman* doctrine arose from two Supreme Court decisions interpreting U.S.C. § 1257(a), a statute which "is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga County Department of Children and Family Services*, 606 F.3d 301, 308 (6th Cir. 2010). Application of the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005). However, the *Rooker-Feldman* doctrine is limited to state court proceedings and does not apply to judicial review of state agency proceedings. *See Exxon*, 544 U.S. at 287, citing *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 644, n. 3 (2002).[3]

---

[3] As the Supreme Court explained in *Verizon Maryland, Inc.*, 535 U.S. at 644, n. 3:

> The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, *see* § 1257(a). The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency.

7

In this case, plaintiff is attempting to make an "end-run" around a local government's determination of forfeiture by seeking federal review of the forfeiture in a civil rights action. The forfeiture in this case arose under M.C.L. § 333.7523, which provides a procedure allowing a local unit of government to declare seized property forfeited and to dispose of the property. Under the statute, the government must give notice to the owner of the property that it has been seized and the government seeks its forfeiture. M.C.L. § 333.7523(1)(a). Within twenty days after receiving notice, the owner can contest the forfeiture by filing a claim and bond. M.C.L. § 333.7523(1)(c). If no claim is filed within the twenty-day period (as in the present case), the automatic forfeiture provision is triggered. M.C.L. § 333.7523(1)(d). On the other hand, if a claim is filed, the attorney general, prosecuting attorney, or city attorney must commence forfeiture proceedings at the expiration of the twenty-day period. M.C.L. § 333.7523(1)(c). The government's commencement of forfeiture proceedings is the only means by which the statute confers jurisdiction on the state court. *See In re Return of Forfeited Goods*, 452 Mich. 659, 665-67, 550 N.W.2d 782 (1996); *Wolford v. Shiawassee County Prosecutor*, No. 263844, 2006 WL 73760 (Mich. App. Jan. 12, 2006) (outlining forfeiture procedure).

The Notice of Intent to Forfeit under M.C.L. § 333.7523(1)(a) identified the property as $225.00 in U.S. currency, the two televisions and the Buick Regal. *See* docket no. 12-2. While defendants assert that the property was administratively forfeited on June 29, 2010, this forfeiture does not appear in the court record. *See* Defendants' Brief at p. 4. Based on the limited record in this action, the court cannot determine procedural issues relevant to federal abstention: e.g., whether this was an automatic forfeiture arising from a state agency proceeding; whether the forfeiture involved a state judicial proceeding and/or a state court judgment; or whether plaintiff has recourse

8

under state law to appeal the forfeiture. A further twist to this controversy is the fact that plaintiff filed this federal action on June 22, 2010, approximately one week *before* the administrative forfeiture allegedly occurred under state law. *See* docket no. 1. While defendants desire to dismiss this action for lack of jurisdiction, and/or because plaintiff's action may have been filed prematurely, defendants offer no argument under the *Younger* doctrine, the *Rooker-Feldman* doctrine or any other recognized theory of federal abstention.

Under these circumstances, viewing the allegations in the light most favorable to plaintiff, there is no basis to dismiss plaintiff's complaint on the jurisdictional grounds presented by defendants. Nevertheless, the court concludes that plaintiff's complaint should be dismissed for the reasons discussed in §§ III.B.2 and 3, *infra*.

### 2. **Plaintiff has not opposed the motion to dismiss**

Plaintiff's failure to oppose defendants' motion to dismiss constitutes a waiver of opposition to that motion. *See* W.D. Mich. LCivR 7.2 (c) ("[a]ny party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials"); *Scott v. State of Tennessee*, No. 88-6095, 1989 WL 72470 at *2 (6th Cir. July 3,1989) (holding that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion") and citing *Elmore v. Evans*, 449 F.Supp. 2, 3 (E.D. Tenn.1976), *aff'd*, 577 F.2d 740 (6th Cir.1978) (unpublished)); *Cosgrove v. Bureau of Prisons*, No. 09-cv-64, 2010 WL398981 at *2-3 (E.D. Ky. Jan. 25, 2010) (same)(citing *Scott* and *Elmore*). Accordingly, plaintiff's action should be dismissed because he waived opposition to the motion.

### 3. Plaintiff lacks standing

In addition, plaintiff's action should be dismissed because he has no standing to dispute the seizure of the property. Plaintiff alleged that the two television sets, the cash and the Buick Regal property belonged to his wife, Mrs. Gunn:

> The money confiscated was money my wife earned and saved for our (summer) trip. This money was never logged as being taken from my person. The two flat screen televisions are not mine but my wife's which she paid for.
>
> \* \* \*
>
> In this case where as all appliances including an 1995 Buick Regal were seized were not taken by facts but assumptions.
>
> Therefore, I demand that the above mentioned property be returned to Mrs. Gunn as soon as possible along with the funds 1300 in 100 dollar bills which were [extorted] and confiscated.

*Id.*

While plaintiff alleged that Mrs. Gunn suffered an injury by the seizure of her property from the marital residence, plaintiff did not allege that he suffered an injury by the seizure of his property. The Fourth Amendment protects people, not places. *See, e.g., United States v. Davis*, 430 F.3d 345, 359-60 (6th Cir. 2005) (in the criminal context, court observed that a defendant has standing to challenge the admission of evidence seized in violation of the Fourth Amendment "only if the defendant's own constitutional rights have been violated"). For that reason, a person lacks standing to file a civil rights action seeking relief for wrongfully seized property when that property belongs to another person. *See Hayes v. Carter*, No. 96-2209, 1997 WL 685420 at \*1-2 (6th Cir. Oct. 29, 1997) (plaintiff's claim that their Fourth Amendment rights were violated when a deputy sheriff alleged seized property outside the scope of a warrant failed for lack of standing where the plaintiff could not show that she owned the seized property), citing *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560 (1992) (to have standing, the plaintiff must have suffered an "injury in fact," which means an invasion of a legally protected interest: (a) that is concrete and particularized; (b) that is actual or imminent (as opposed to conjectural or hypothetical); and (c) that the injury caused by the invasion will likely (as opposed to speculatively) be redressed by a favorable decision).

Plaintiff lacks standing in this case because he suffered no actual injury. *See Lujan*, 504 U.S. at 560. Plaintiff has not alleged that he owned any of the property seized on June 4, 2010. Rather, he alleged that the seized property belonged to his wife, a person not a party to this lawsuit. Plaintiff has no standing to seek relief for defendants' alleged unconstitutional seizure of property belonging to another person. He has suffered no injury. *See Lujan,* 504 U.S. at 560; *see also, Davis*, 430 F.3d at 359-60; *Hayes*, 1997 WL 685420 at *1-2. Plaintiff's action should be dismissed for lack of standing.

## IV.    RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to quash (docket no. 8) be **GRANTED** in part, that the City of Kalamazoo be substituted in for the named defendant "Kalamazoo KVET," that defendants' motion to dismiss (docket no. 14) be **GRANTED** and that this action be dismissed.

Dated: January 10, 2011                                  /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).